IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | * |
| | * |
| v. | *   Crim. Case No.:  SAG-09-0520 |
| | * |
| **DAVON JAMES HALL,** | * |
| | * |
| Defendant. | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

On May 7, 2010, following a guilty plea, United States District Judge J. Frederick Motz sentenced Davon James Hall to 240 months' imprisonment for multiple robbery counts. ECF 23. Hall filed a motion for compassionate release (the "Motion") on January 18, 2024, ECF 56. The Government opposed the Motion and Hall filed a reply. ECF 61, 62. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons that follow, the Motion will be denied.

**I.      LEGAL STANDARD**

As part of the First Step Act, enacted in December, 2018, Congress expanded 18 U.S.C. § 3582(c), permitting courts to reduce an existing term of imprisonment where "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C. § 3582(c)(1)(A); Pub. L. No. 115-391, tit. VI, § 603(b), 132 Stat. 5194, 5239–41 (2018). While previously, any motion for compassionate release had to be initiated by the Bureau of Prisons ("BOP"), the First Step Act granted defendants the ability to move the Court for a reduction in their sentence for "extraordinary and compelling reasons." *Id.* Before a defendant's motion can be filed with the Court, one of two conditions must be satisfied: (1) the defendant must have exhausted all administrative remedies to appeal the BOP's failure to bring a motion on his behalf, or (2) thirty days must have lapsed "from the receipt of such a request by the warden of the defendant's facility," whichever is earlier. *Id.*

Once a motion is for compassionate release is properly filed, the Court determines whether "extraordinary and compelling reasons" render the inmate eligible for compassionate release and considers whether the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of a sentence reduction. *Id.*

## II.   ANALYSIS

The Government does not contest that Hall adequately exhausted available administrative remedies by submitting a request to the Warden of the facility where Hall is incarcerated. Although that gatekeeping requirement appears satisfied, Hall's Motion fails to establish any "extraordinary and compelling reason[]" warranting compassionate release or sentencing reduction.

Congress has charged the United States Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A). 28 U.S.C. § 994(t). In response, the Commission defined "extraordinary and compelling reasons" to exist where (A) the defendant is suffering from a terminal or serious medical condition; (B) the defendant is over 65 years old, has failing health, and has served at least ten years or 75 percent of his sentence, whichever is less; (C) the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver; or (D) "other reasons" as determined by the BOP. *See* U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n.1(A)–(D) (U.S. SENTENCING COMM'N 2018). However, this Court has authority to consider any "extraordinary and compelling reason" that a defendant might raise, regardless of the Sentencing Commission's pronouncements or BOP's definitions. *See United States v. McCoy,* 981 F.3d 271, 284 (4th Cir. 2020).

In the Motion, Hall expresses remorse and claims to be a matured and changed person. As evidence of change, Hall cites participation in BOP programming and work as a mentor in the Challenge Program and as a clerk in the prison library. In Hall's original submission to the Warden, which is attached to the Motion, there is also a legal argument regarding "United States v. Beckles" (which is acknowledged not to be retroactive in a way that benefits Hall) and a reference to Hall's strong family support system. ECF 56-1 at 1.

This Court commends Hall for demonstrating rehabilitative efforts and personal growth. However, the law expressly provides that "[r]ehabilitation . . . alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). Even taken in totality, the factors that Hall cites relating to remorse, changed outlook, and positive contributions constitute claims of rehabilitation that cannot, individually or collectively, amount to an extraordinary and compelling reason justifying further consideration of the Motion.

In the reply brief, Hall makes new allegations regarding gender identity and incidents of sexual violence. However, Hall did not raise these contentions in the original submission to the Warden or in the Motion. *See* ECF 56, 56-1. Accordingly, "'the ordinary rule in federal courts is that an argument raised for the first in a reply brief or memorandum will not be considered.'" *Gaske v. Crabcake Factory Seafood House, LLC*, 18-CV-2630, 2021 WL 3188007, at *6 (D. Md. Jul. 28, 2021) (quoting *Clawson v. FedEx Ground Packaging Sys.*, 451 F. Supp. 2d 731, 734 (D. Md. 2006)); *see also United States v. Al–Hamdi*, 356 F.3d 564, 571 n.8 (4th Cir. 2004) (declining to consider an argument first raised in reply brief and noting that it "is a well settled rule that contentions not raised in the argument section of the opening brief are abandoned"). If Hall wishes to make those arguments in support of a compassionate release motion, Hall must re-initiate the

process with the Warden to allow for administrative exhaustion of the claim and a proper opportunity for a government response.

Because Hall has failed to provide, in this motion, an extraordinary and compelling reason for compassionate release, this Court need not address the relevant § 3553(a) sentencing factors. Hall's motion for compassionate release, ECF 56, will therefore be denied by separate order.

Dated: April 5, 2024                                     /s/
                                               Stephanie A. Gallagher
                                               United States District Judge