IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| | * | |
| v. | * | Crim. Case No.: SAG-09-520 |
| | * | |
| **DAVON HALL,** | * | |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Davon James Hall, who is serving 240 months' imprisonment for multiple robberies, filed a second motion for compassionate release in a self-represented capacity on August 20, 2024. ECF 65. The Government opposed the Motion and Hall filed a reply. ECF 73, 76. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons that follow, Hall's Motion will be denied.

**I.    LEGAL STANDARD**

As part of the First Step Act, enacted in December, 2018, Congress expanded 18 U.S.C. § 3582(c), permitting courts to reduce an existing term of imprisonment where "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C. § 3582(c)(1)(A)(i) (2018); Pub. L. No. 115-391, tit. VI, § 603(b), 132 Stat. 5194, 5239–41 (2018). While previously, any motion for compassionate release had to be initiated by the Bureau of Prisons ("BOP"), the First Step Act granted defendants the ability to move the Court for a reduction in their sentence for "extraordinary and compelling reasons." *Id.* Before a defendant's motion can be filed with the Court, one of two conditions must be satisfied: (1) the defendant must have exhausted all administrative remedies to appeal the BOP's failure to bring a motion on his behalf, or (2) thirty days must have lapsed "from the receipt of such a request by the warden of the defendant's facility," whichever is earlier. *Id.*

Once a motion is for compassionate release is properly filed, the Court determines whether "extraordinary and compelling reasons" render the inmate eligible for compassionate release and considers whether the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of a sentence reduction. *Id.*

The Fourth Circuit has held that "when deciding whether to reduce a defendant's sentence under § 3582(c)(1)(A), a district court may grant a reduction only if it is 'consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Taylor*, 820 F. App'x 229, 230 (4th Cir. 2020). The relevant policy statement is U.S.S.G. § 1B1.13, entitled "Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)" (the "Policy Statement"). The Sentencing Commission recently amended that Policy Statement, with the amendments taking effect on November 1, 2023.

Before the November, 2023 amendments, the Policy Statement began with the phrase: "Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment" for certain enumerated reasons. U.S.S.G. § 1B1.13 (2021). In *United States v. McCoy*, 781 F.3d 271 (2020), the Fourth Circuit determined that the language in the Policy Statement did not encompass motions filed by defendants themselves, meaning that in connection with such motions district courts were "empowered…to consider any extraordinary and compelling reason for release that a defendant might raise." *Id.* at 284.

The November 1, 2023 amendments changed the beginning of the Policy Statement to read: "Upon motion of the Director of the Bureau of Prisons or the defendant pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment" for specified reasons. U.S.S.G. § 1B1.13 (2023) (emphasis added). Thus, the amended Policy Statement is now expressly applicable to defendant-filed motions, like Hall's.

2

## II.     ANALYSIS

The Government does not contest that Hall adequately exhausted available administrative remedies. Although that gatekeeping requirement appears satisfied, Hall's Motion fails to establish any "extraordinary and compelling reason[]" warranting compassionate release or sentencing reduction under the amended Policy Statement.

Liberally construing Hall's self-represented motion, given the circumstances described, Hall appears to rely on two provisions of the amended Policy Statement: § 1B1.13(b)(4), permitting a finding of an extraordinary and compelling circumstance where an defendant suffered abuse in custody, and § 1B1.13(b)(6), permitting a finding of an extraordinary and compelling circumstance where a defendant has "received an unusually long sentence and has served at least 10 years of the term of imprisonment" and meets other defined criteria.

Hall does not satisfy the provisions of § 1B1.13(b)(4). Hall, a transgender woman, alleges "sexual assault/sexual harassment by inmates." ECF 76 at 4. Hall acknowledges denying "being raped, sexually assaulted to staff, in fear of being labeled a prison snitch." *Id.* But § 1B1.13(b)(4) only applies to abuse "that was committed by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant." In Hall's case, there is no allegation that any individual with custody or control victimized Hall in any way. In fact, by Hall's own admission, the people with custody and control did not even learn of the abuse and harassment by other inmates because Hall concealed it from them.

Section 1B1.13(b)(6) also provides no recourse for Hall, who is unable to identify a change in law that "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." Hall argues that had the United States Supreme

3

Court ruled otherwise in *Beckles v. United States*, 580 U.S. 356 (2017), on the issue of retroactivity, Hall would have been entitled to resentencing under *Johnson v. United States,* 576 U.S. 591 (2015). That analysis, though, is not the analysis described in § 1B1.13(b)(6), which requires the movant show that the change in law "would produce a gross disparity between the sentence being served and the sentence likely to be imposed *at the time the motion is filed*." (emphasis added). In 2016, Amendment 786 to the Sentencing Guidelines revised Guideline § 4B1.2(a)(2) to remove the "residual" language challenged in the *Beckles/Johnson* line of cases, and to clarify that "robbery" is in fact a "crime of violence." That amendment remains in effect today and was in effect when Hall filed this motion in August, 2024. There would be no "gross disparity," or any disparity, between the sentence Hall is serving served and the sentence that would likely be imposed in August, 2024, as Hall would still be a career offender responsible for nine robberies while having two prior robbery convictions.

In the instant motion, like in the prior compassionate release motion Hall filed, Hall expresses remorse and claims to be a matured and changed person. As this Court noted then, Hall should be commended for demonstrating rehabilitative efforts and personal growth. However, the law expressly provides that "[r]ehabilitation…alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). Even taken in totality, the factors Hall cites relating to remorse, changed outlook, and positive contributions constitute claims of rehabilitation that cannot, individually or collectively, amount to an extraordinary and compelling reason justifying further consideration of this motion where none of the provisions in § 1B1.13(b) are satisfied.

Because Hall has failed to provide, in this motion, an extraordinary and compelling reason for compassionate release, this Court need not address the relevant § 3553(a) sentencing factors. The instant motion for compassionate release, ECF 65, will therefore be denied by separate order.


Dated: March 3, 2025                              /s/
                                          Stephanie A. Gallagher
                                          United States District Judge